IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DOE FATHER #1,

       Petitioner,                No. CIV S-11-0295 GGH

  vs.

BENJAMIN B. WAGNER, et al.,

       Respondents.      <u>ORDER</u>

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  On February 23, 2011, petitioner consented to the jurisdiction of the undersigned (docket #5).

       Petitioner does not claim to be challenging a prison sentence or criminal conviction; rather, he seeks relief from a domestic violence restraining order entered against him pursuant to the California Domestic Violence Prevention Act (DVPA), Cal. Fam. § 6200 <u>et</u> <u>seq</u>. His petition makes detailed allegations regarding the dissolution of his marriage and the ensuing custody dispute over petitioner's daughter.  Named respondents include the U.S. Attorney General for the Eastern District of California and the superior court judge who imposed the domestic violence restraining order against him.  Petitioner's requested relief includes a declaratory judgment finding that the federal Violence Against Women Act and the DVPA are

1

1  unconstitutional.  He also seeks injunctions barring the enforcement of these statutes against him.

2        Petitioner's attempt to characterize what is essentially a family law dispute as a

3  federal habeas action is precluded for numerous reasons, most obviously because this court lacks

4  jurisdiction to rule on petitioner's claims. "The federal habeas statute gives the United States

5  district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in

6  custody in violation of the Constitution or laws or treaties of the United States.'" <u>Maleng v.</u>

7  <u>Cook</u>, 490 U.S. 488, 490, 109 S. Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. §

8  2241(c)(3)).  The "in custody" requirement is jurisdictional, and "requir[es] that the habeas

9  petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is

10  filed." <u>Maleng</u>, 490 U.S. at 490-491, 109 S. Ct. At 1925.  This is because the writ of habeas

11  corpus functions primarily to secure immediate release from illegal physical custody.  <u>Preiser v.</u>

12  <u>Rodriguez</u>, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973).

13        As the Ninth Circuit has explained,

14      the custody requirement of section 2254 may be met even if the
petitioner is not physically confined. <u>Jones v. Cunningham</u>, 371

15  U.S. 236, 239-40, 83 S.Ct. 373, 375-76, 9 L.Ed.2d 285 (1963).  A
petitioner on parole, for example, is "in custody" within the

16  meaning of section 2254, because the parole restrictions
"significantly restrain petitioner's liberty to do those things which

17  in this country free men are entitled to do." <u>Id</u>. at 243, 83 S.Ct. at
377.  Similarly, a petitioner who is released on his own

18  recognizance pending appeal is also "in custody" due to "the
conditions imposed on petitioner as the price of his release."

19  <u>Hensley v. Municipal Court</u>, 411 U.S. 345, 348-49, 93 S.Ct. 1571,
1573, 36 L.Ed.2d 294 (1973). <u>See also</u> <u>Justices of Boston</u>

20  <u>Municipal Court v. Lydon</u>, 466 U.S. 294, 300-02, 104 S.Ct. 1805,
80 L.Ed.2d 311 (1984) (release on recognizance pending retrial);

21  <u>Lefkowitz v. Mewsome</u>, 420 U.S. 283, 286, 95 S.Ct. 886, 888, 43
L.Ed.2d 196 (1975) (release on bail pending appeal). Therefore, to

22  satisfy the custody requirement, petitioner must demonstrate that
he is subject to a significant restraint upon his liberty "not shared

23  by the public generally." <u>Jones</u>, 371 U.S. at 240, 83 S.Ct. at 376.

24  

25  <u>Dow v. Circuit Court of First Circuit Through Huddy</u>, 995 F.2d 922, 923 (9th Cir. 1993).

26  /////

1        Here, the undersigned finds that no restrictions imposed on petitioner pursuant to

2  a domestic violence restraining order would suffice to place him "in custody" for purposes of

3  federal habeas jurisdiction.  As described in Cal. Family Code § 6218, domestic violence

4  restraining orders ("protective orders") come in three types "to prevent specific acts of abuse,

5  such as contacting, molesting, and striking, to exclude a party from a dwelling, and to enjoin

6  other specified behaviors necessary to effectuate the first two orders.  <u>See</u> Sections 6320

7  (enjoining harassment, threats, and violence), 6321 (exclusion from dwelling), 6322 (enjoining

8  additional specified behaviors)."  No restrictions imposed on petitioner pursuant to Sections

9  6320, 6321, or 6322 constitute such "significant restraints on his liberty" that he is "in custody"

10  for federal habeas purposes, as such restrictions merely seek to restrain a party from engaging in

11  harassing and threatening behavior.  <u>See</u> <u>Lehman v. Lycoming County</u>, 458 U.S. 502, 515-516,

12  102 S.Ct. 3231 (1982) (state court judgments regarding child custody do not place the aggrieved

13  person "in custody" for purposes of habeas jurisdiction);  <u>Shenandoah v. Halbritter</u>, 366 F.3d 89

14  (2nd. Cir. 2004) ("[r]espondents' enforcement of their housing ordinance did not constitute a

15  sufficiently severe restraint on liberty to invoke this Court's habeas corpus jurisdiction"); <u>Harts v.</u>

16  <u>State of Ind.</u>, 732 F.2d 95, 96-97 (7th Cir. 1984) ("We recognize that, in our society, loss of

17  driving privileges may entail hardship.  However, suspension of driving privileges is not the sort

18  of "severe restraint[ ] on individual liberty" for which habeas corpus relief is reserved.").  Indeed,

19  this court is not aware of any federal case in which a domestic violence restraining order has been

20  held to constitute "custody" for purposes of conferring federal habeas jurisdiction.

21        Because this court lacks jurisdiction to rule on petitioner's claims, this action must

22  be dismissed, and amendment would be futile.

23  \\\\\

  \\\\\

24  \\\\\

  \\\\\

25  \\\\\

  \\\\\

26  \\\\\

1    Accordingly, IT IS HEREBY ORDERED that petitioner's application for a writ of

2  habeas corpus is dismissed and this case is closed.

3  DATED: March 21, 2011

4                                        /s/ Gregory G. Hollows

                                   _____
5                                    UNITED STATES MAGISTRATE JUDGE

GGH:014
6  fath0295.100.fee.ggh

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26